```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  December 5, 2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Adalberto Velazquez,

               Petitioner-Defendant.

                       19–CR–116 (KMW)
                       20–CV–4981 (KMW)

     v.

United States of America,                      **OPINION & ORDER**

               Respondent.
----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Petitioner Adalberto Velazquez moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (Pet'r's Mot., ECF No. 1.)[1] Velazquez contends that his counsel rendered constitutionally ineffective assistance by (1) failing to challenge his career offender status, and (2) failing to request a downward departure. (*Id.* at 3.) The Government opposes Velazquez's motion. (Gov't Opp'n, ECF No. 7.) For the reasons stated below, Velazquez's motion is DENIED.

## BACKGROUND

Velazquez is currently serving a 188-month sentence for conspiracy to distribute and possess with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(c). (J. at 1-2, ECF No. 145.) Velazquez was a member of a drug trafficking organization ("DTO") that distributed large quantities of fentanyl-laced heroin and cocaine. (Presentence Investigation Report ("PSR") ¶ 14, ECF No. 86.) The DEA began investigating the DTO in

---

[1] The motion, initially filed in the United States District Court for the Eastern District of New York and styled as a petition under 28 U.S.C. § 2241, was recharacterized as a motion under 28 U.S.C. § 2255 and transferred to this Court. *See* Order, *Velazquez v. United States*, 20-CV-2791 (E.D.N.Y. June 29, 2020), ECF No. 2.

2017 and discovered that Velazquez was a leader of a DTO that used autobody shops in the Bronx, including one owned and controlled by Velazquez, to traffic in narcotics, including fentanyl-laced heroin and cocaine. (*Id*. ¶¶ 14-16, 44.) Probation determined that Velazquez had an offense level of 31 and a Criminal History Category VI, yielding an Advisory Guidelines range of 188 to 235 months' imprisonment. (*Id.* ¶ 4.)

On August 14, 2019, Velazquez appeared before Judge Abrams and pleaded guilty pursuant to a plea agreement with the Government to the instant offense. (Plea Tr., at 8:11-17, 15:22-16:5, ECF No. 77.) At the plea allocution, the Government summarized the terms of the plea agreement, including Velazquez's career offender status, the Advisory Guidelines range, and the stipulations in the appeals waiver. (*Id.* at 13:8-25.) Velazquez stated that he understood the agreement. (*Id.* at 14:5-8.) Judge Abrams then explained that because "[Velazquez] agreed with the government that the appropriate guidelines range is 188 to 235 months … [t]hat means that neither you nor the government can argue for a different guidelines calculation, but both parties can still seek a sentence outside of that range," and "as to the appellate waiver … as long as I sentence you to 235 months of imprisonment or less, you can't appeal or otherwise challenge that sentence." (*Id.* at 14:9-15, 14:25-15:2.) Velazquez again responded that he understood. (*Id.* at 15:8.) Velazquez also stated that, "I and other persons in the Bronx between 2015 and 2019 distributed a quantity of heroin and [f]entanyl knowing that it was illegal." (*Id*. at 16:8-10.)

Although defense counsel did not directly challenge the Advisory Guidelines range, defense counsel argued in its sentencing submission that Velazquez's "criminal history as a Career Offender overstate[d] his actual criminal history" as a relevant factor pursuant to 18 U.S.C § 3553(a). (Sent'g Mem. at 3, 9, ECF No. 95.) At sentencing, defense counsel then contested the application of the Advisory Guidelines, arguing that "we're looking at offenses

2

from 21 years ago that are still affecting him today.  So[,] I submit that the guidelines perhaps in this case are overstating the seriousness of that conduct." (Sent'g Tr. at 10:13-16, ECF No. 180.) Defense counsel asked the Court to impose a below-guidelines sentence of 60 months' imprisonment with seven years of supervised release. (*Id.* at 10:22-24.) The Court considered a non-guidelines sentence, but determined that it would not be a reasonable option after weighing Velazquez's criminal history and the § 3553(a) sentencing factors. (*Id.* at 17:7-10.) The Court then sentenced Velazquez to 188 months' imprisonment on March 5, 2020. (*Id.* at 17:13-15.)

On June 29, 2020, Velazquez moved *pro se* to (1) vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and (2) to reduce his sentence pursuant to § 3582(c)(1)(A). (Pet'r's Mot., at 3.) The government opposed the motion. (Gov't Opp'n.) On March 16, 2021, the Court appointed CJA counsel Scott Tulman to assist Velazquez with the filing of his post-conviction motions. (Order, ECF No. 301.)[2] Mr. Tulman informed the Court on June 2, 2023 that Velazquez no longer intended to pursue his motion for compassionate release. (Ltr. Mot., ECF No. 388.) The Court granted Velazquez's request to withdraw his motion pursuant to § 3582(c)(1)(A) without prejudice to future motions. (Mem. Endorsement, ECF No. 393.) Thus, this decision addresses only Velazquez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move to "vacate, set aside, or correct [his] sentence" if he believes his "sentence was imposed in violation of the Constitution

---

[2] During the period between the initial filing and this Opinion, the Court issued a series of Memo Endorsements and Orders requesting status updates about the progress of Velazquez's post-conviction motions. (*See* ECF Nos. 319, 323, 329, 364, 382, 386.) Defense counsel reported repeated difficulties in reaching Velazquez. (*See* ECF Nos. 368, 373, 383, 387.)

or laws of the United States[.]" 28 U.S.C. § 2255(a). A petitioner may properly raise an ineffective assistance of counsel claim in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743-44 (2d Cir. 2017). Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To succeed on an ineffective assistance of counsel claim, a petitioner must show that: (1) his "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) he was "prejudiced" by his counsel's deficient performance. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). When considering the first prong, courts "strongly presume [ ] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). With respect to the second prong, courts consider whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 153 (quoting *Strickland*, 466 U.S. at 694.)

## DISCUSSION

Velazquez moves to vacate his sentence on the grounds that defense counsel rendered constitutionally ineffective assistance by (1) failing to challenge his career offender status, and (2) failing to request a downward departure. (Pet'r's Mot. at 3-4, 12-14.) Before turning to the merits of Velazquez's motion, the Court addresses the need for a hearing and the applicability of the waiver Velazquez signed in his plea agreement.

**I.      No Hearing is Required to Rule on Velazquez's § 2255 Motion**

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).  Based on the parties' submissions, the Court finds that no hearing is required.

A hearing would not aid the Court's analysis on either of the bases on which Velazquez moves to challenge his sentence.  First, the PSR and the parties' stipulations in the plea agreement identify the relevant criminal violations that contributed to Velazquez's career offender status.  (PSR ¶ 47, Plea Tr. at 13:14-20.)  The sentencing transcript reflects that, notwithstanding defense counsel's acknowledgement that the guidelines were properly calculated, defense counsel still argued that career offender status here "perhaps overstat[ed] the seriousness of that conduct."  (Sent'g Tr. at 10:8-16.)  Second, a hearing would not aid the Court's analysis regarding counsel's alleged failure to request a downward departure.  The sentencing transcript reflects that defense counsel requested a below guidelines sentence.  (*Id.* at 10:22-24.)  The Court concludes that the written submissions are sufficient to decide the allegations in Velazquez's §2255 petition and no hearing is required.  A hearing would entail "delay[] [and a] needless expenditure of judicial resources." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

**II.     Velazquez Has Waived His Right to Appeal His Sentence**

A defendant's waiver of his right to collaterally attack his sentence is generally enforceable. *See e.g.*, *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam).  The Second Circuit has stated that "a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, [may not] then appeal the merits of a sentencing conforming to the agreement." *United States v. Cano*,

494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007) (Chin, J.) (quoting *United States v. Salcido-Contreras* 990 F.2d 51, 53 (2d Cir. 1993)).  However, "waivers may be set aside where [the] 'defendant is challenging the constitutionality of the process by which he waived those rights,' including when 'the defendant claims that the plea agreement was entered into without effective assistance of counsel' and when the waiver was not made voluntarily and competently." *Khan v. United States,* No. 07-CR-711, 2014 WL 2111677, at *6 (S.D.N.Y. Apr. 28, 2014) (Preska, J.). Conversely, "[w]here the record reveals that the waiver was knowing and voluntary, and that there is no merit to the ineffective assistance claim, the waiver should be enforced." *Muniz v. United States*, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (Stein, J.) (citing *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004)).

     Here, because the record shows that Velazquez entered into the plea agreement knowingly and voluntarily, he has waived his right to challenge his sentence of 188 months.  At the plea allocution, Judge Abrams found, "[o]n the basis of … my observations of …  [Mr Velazquez's] demeanor here in court, and representations of counsel … he [was] fully competent to enter an informed plea of guilty."  (Plea Tr. at 4:17-21.)  Judge Abrams explained that the parties agreed Velazquez was deemed a career offender, and if he was sentenced within the Advisory Guidelines range of 188 to 235 months' imprisonment, "[Velazquez] waiv[ed] his right to appeal or otherwise collaterally challenge the sentence." (*Id*. at 14:9-15, 14:25-15:7.) Velazquez stated that he understood and that he willingly signed the plea agreement.  (*Id*. at 15:6-11.)  Velazquez's unambiguous statement on the record confirms that he knowingly and voluntarily waived his right to challenge his sentence.  At the plea allocution, Velazquez also stated that he discussed the consequences of pleading guilty with defense counsel and he stated that he was satisfied with his representation.  (*Id*. at 5:3-8.)  Accordingly, the Court finds that

6

Velazquez's waiver is valid and enforceable.[3]

### III. Waiver Notwithstanding, Velazquez's Ineffective Assistance of Counsel Claims Fail on the Merits

As discussed below, even if Velazquez had not waived his right to challenge his sentence, his motion would nevertheless fail on the merits. The record does not support Velazquez's claim that defense counsel rendered constitutionally inadequate representation.

#### A. Velazquez's Defense Counsel Did Not Render Constitutionally Inadequate Representation by Failing to Challenge His Career Offender Status

Velazquez alleges that defense counsel rendered constitutionally inadequate representation by failing to challenge his being sentenced as a career offender. He alleges that his Criminal History Category should be II, which would have resulted in an Advisory Guideline range of 121-151 months' imprisonment, rather than the Criminal History Category IV he received, which resulted in an Advisory Guideline range of 188-235 months' imprisonment. (Pet'r's Mot. at 14.) His challenge is based on his argument that he did not have at least two prior felony convictions for controlled substance offenses. (*Id*. at 12-14.)[4]

Pursuant to the Sentencing Guidelines, a defendant is deemed a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . [for] a controlled substance offense; and (3) the defendant has at least two prior felony convictions [for] . . . controlled substance offense.

---

[3] Where defendants allege ineffective assistance of counsel in connection with any aspect of the plea process, several decisions have broadly permitted collateral challenges in the face of a waiver. *See Valentine v. United States*, No. 15-CV-747, 2015 WL 13827130, at *1 (S.D.N.Y. Oct. 14, 2011) (Seibel, J.) (citing *Cross v. Perez*, 823 F. Supp. 2d 142, 150-152 (E.D.N.Y. 2011)); *see also Yushuvayev v. United States,* 532 F. Supp. 2d 455, 470 (E.D.N.Y. 2008) (interpreting *United States v. Oladimeji,* 463 F.3d 152 (2d Cir. 2006) to permit collateral attacks where a claim of ineffective assistance of counsel is connected to counsel's recommendation to accept a plea agreement containing a waiver). As a result, the Court proceeds to review the merits of Velazquez's motion.

[4] Velazquez states "my 1998 conviction created a time frame aproximately [sic] 21 years [] [before] my [] instant offense … [t]hereby not qualifying pursuant to [] any criminal history points [] for felony convictions in excess of 15 years prior to the [i]nstant offense." (Pet'r's Mot. at 13.)

U.S.S.G. § 4B1.1(a) (Nov. 2023). According to the Guidelines, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed [*or resulted in the Defendant being incarcerated*] within fifteen years of the defendant's *commencement of the instant offense* is counted." U.S.S.G § 4A1.2(e)(1) (emphasis added).[5]

Velazquez's argument that his 1998 felony conviction should not have counted toward his career offender status because it occurred outside the 15-year time period is mistaken. Velazquez pleaded guilty to his involvement in the instant narcotics conspiracy that began in 2015. (Plea Tr. at 16:2-10.) Therefore, the 15-year period extends back from the *commencement of the instant offense,* to 2000. Although Velazquez's arrest occurred prior to 2000, his sentence lasted from March 10, 1998 to May 27, 2003,[6] thus his period of incarceration in connection with the 1998 conviction did not end until May 27, 2003. (PSR ¶ 56.) Because Velazquez's term of incarceration in connection with the 1998 conviction continued until 2003, his period of incarceration extended into the 15-year period prior to the commencement of the instant narcotics offense. *See* U.S.S.G § 4A1.1 cmt. n.1 ("[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."). Accordingly, Velazquez's criminal history reflects two prior felony convictions—the 1998 controlled substance conviction

---

[5] *See* U.S.S.G. § 4B1.2 cmt. n.3 ("The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1.").

[6] The PSR states that during his term of imprisonment, Velazquez absconded from a work release program on January 24, 2002; he was returned to the New York State Department of Corrections on April 24, 2002; and he was released on parole on May 27, 2003. (PSR ¶ 56.) Pursuant to U.S.S.G § 4A1.2(k)(2), revocations of release programs "may affect the time period under which certain sentences are counted as provided in § 4A1.2[(e)]." Section 4A1.2(k), however, does not affect Velazquez's sentence because the original term imposed for the 1998 conviction exceeded one year and one month. *See* U.S.S.G. § 4A1.2 cmt. n.11 ("Section 4A1.2(k) covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, *did not exceed* one year and one month.") (emphasis added).

and a separate 2007 controlled substance conviction[7]—and thus he meets the Guidelines'
definition of a career offender. Because there was no basis for objecting to Velazquez being
categorized as a career offender, defense counsel cannot be faulted for failing to make that
objection.

### B. Velazquez's Counsel Did Not Render Constitutionally Inadequate Representation by Failing to Request a Downward Departure

Velazquez also alleges that defense counsel rendered constitutionally ineffective
assistance by "declin[ing] to file for a downward departure." (Pet'r's Mot. at 3.) The sentencing
transcript, however, demonstrates that defense counsel did, in fact, seek a downward departure.
(Sent'g Tr. at 10:13-24.) Defense counsel sought a downward departure to 60 months'
imprisonment, followed by seven years of supervised release, based on Defendant's (1) history
of illiteracy and drug addiction; (2) "extraordinary family support"; and (3) advanced age and
declining health, all of which counsel claimed made it unlikely that he would reoffend. (*See id.*
at 6:12-11:13.)

The Court considered defense counsel's request for a downward departure, and denied it,
taking into account both Sentencing Guideline policy, and the factors listed in 18 U.S.C. §
3553(a). (*Id.* at 17:5-10.) Thus, Velazquez's claim that defense counsel rendered
constitutionally ineffective assistance for failing to request a downward departure lacks merit.[8]

---

[7] Velazquez does not contest the inclusion of his 2007 felony conviction, (PSR ¶ 57), in the computation of his career offender status.

[8] Velazquez argues that his sentence should have been consistent with that imposed on co-defendant Hector Villanueva, who was sentenced to 65 months' imprisonment, because "courts must avoid … creating sentencing disparit[ies] in close[ly] related cases." (Pet'r's Mot. at 10.) At sentencing, the government argued that Velazquez and Villanueva were not similarly situated because Velazquez was a leader of the DTO, and was therefore a more culpable member. (Sent'g Tr. at 3:3-24; PSR ¶ 35.) *See United States v. Frias,* 521 F.3d 229, 236 (2d Cir. 2008) (stating that courts are not required to consider sentencing disparities among co-defendants, particularly when the co-defendants are not similarly situated). But even if Velazquez and Villanueva were similarly situated, Velazquez's argument regarding defense counsel's failure to request a downward departure lacks merit because defense counsel requested a 60-month sentence, which was lower than Villanueva's term of imprisonment.

**Conclusion**

For the foregoing reasons, Velazquez's motion is DENIED. Because Velazquez has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Velazquez may not proceed in *forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully directed to close the motions at ECF No. 1 in case number 20-CV-4981, and to mail a copy of this Opinion and Order to Velazquez.

SO ORDERED.

Dated: New York, New York
      December 5, 2023

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge